IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAMAR O. LEMONS, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-888-S-BK |
| | § | |
| CREEKWOOD APT., | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Lamar O. Lemons' motion for leave to proceed *in forma pauperis* but did not issue process. Doc. 4; Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 26, 2023, Lemons, a resident of Desoto, Texas, filed a complaint against Defendant Creekwood Apartment, which is also in Desoto. Doc. 3 at 1. Lemons alleges *in toto*: "Securities fraud against Creekwod Apt. and failure to provide 8K or 10K form from the S.E.C. (Security Exchange Commission." Doc. 3 at 1. In the *Civil Cover Sheet*, Lemons checked the boxes for federal question jurisdiction and various nature-of-suit codes, to-wit, negotiable instrument, rent, other personal injury, housing, truth in lending, false claims act, antitrust, and consumer credit. Doc. 3-4. He describes his cause of action as securities fraud and states that he

is filing under the "Texas Business and Commerce Code, Chapter 17, § 17.46." Doc. 3-4. For related cases, Lemons lists a justice court action, Case No. JPC-23-03563. Doc. 3-4.

Lemons also enclosed with his filing a lengthy *Affidavit of Fact Writ of Discovery*, which includes an April 12, 2023 file-stamp of Justice of the Peace 4-1, Dallas County, Texas. Doc. 3 at 2. The affidavit is disjointed, difficult to comprehend, and largely nonsensical. As best he Court can glean, Lemons asserts Defendant misrepresented a lease agreement and that Lemons filed suit for possession of premises in October 2022 because of $3,420.00 owed in back rent. Doc. 3 at 3. Although the case was dismissed for lack of jurisdiction in December 2022, Lemons alleges that Defendant retaliated against him by (1) attempting to evict him in January 2023, (2) denying him the right to renew the lease agreement, and (3) having his vehicle towed. Doc. 3 at 13-14; Doc. 3 at 20. Lemons seeks $775,000 in compensatory damages and $813,960 for retaliation and other intentional violations. Doc. 3 at 15-16.[1]

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

## II.   ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

---

[1] With his complaint and affidavit, Lemons includes over 65 pages of exhibits. Doc. 3 at 18-25; Doc. 3-1; Doc. 3-2; Doc. 3-3. In November 2022, he also attempted to remove a state eviction action, related to the course of events here, but the case was remanded to the Dallas County Justice of Peace Court for lack of jurisdiction. *See Lemons v. Creekwood Apt.*, No. 3:22-CV-2626-S-BN (N.D. Tex. Jan. 12, 2023).

action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Lemons' complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Lemons has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Lemons does not identify any constitutional or federal statutory violation. He presents broad-based allegations of securities fraud—that Creekwood Apartment allegedly failed to provide him unspecified SEC forms. Doc. 3 at 2. However, the mere mention of a federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction.

Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, Lemons' assertion that Defendant is in Texas defeats subject-matter jurisdiction on the basis of diversity. Doc. 3 at 3; Doc. 3-4; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Because the complaint does not present an adequate basis for the exercise of federal question or diversity jurisdiction, the Court also cannot exercise supplemental jurisdiction over any possible state-law claims that Lemons may be attempting to assert. 28 U.S.C. § 1367(a).

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Lemons' complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV.     CONCLUSION

For all these reasons, Lemons' complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on June 1, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).